UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUELPETER FOREST,

     Petitioner,

v.

                           Case No.:  2:26-cv-02117-SPC-KCD

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

     Respondents,

_____/

## **OPINION AND ORDER**

Before the Court is Emmanuelpeter Forest's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Forest is a native and citizen of Haiti.  He was admitted into the United States on August 18, 2023, under the Haitian Humanitarian Program.  Forest has pending applications for asylum, withholding of removal, and temporary protected status.  He has no criminal record.

On June 28, 2026, local law enforcement arrested Forest outside a Walmart because of his immigration status.  Forest was not suspected of any crime, there was no warrant for his arrest, and he had not been charged as removable.   Immigration and Customs Enforcement ("ICE") commenced removal proceedings two days later by issuing a notice to appear.  Forest argues his warrantless arrest and detention violated the Due Process Clause

of the Fifth Amendment because they were not accompanied by any statutory or regulatory process. In response, the government argues Forest is subject to mandatory detention under 8 U.S.C. § 1225(b). That argument directly contradicts binding Eleventh Circuit precedence—Forest's detention is governed by § 1226(a). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The government does not respond to Forest's due process claims.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Forest the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision

2

on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest.*" (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The deputy sheriffs who arrested Forest did so under authority granted by 8 U.S.C. § 287(g), so they were required to "have knowledge of, and adhere to, Federal laws relating to the function" they performed for ICE. 8 U.S.C. § 287(g)(2). Federal regulation requires a warrant of arrest unless the immigration official "has reason to believe that the person is likely to escape before a warrant can be issued." 8 C.F.R. § 287.8(c)(2)(ii). The respondents offer no evidence that Forest was a flight risk. In fact, the evidence before the Court indicates he has done everything right—he entered the country lawfully, timely applied for permission to stay, and has not violated any criminal laws or immigration requirements.

The government violated Forest's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. Instead of offering an explanation or defense for the warrantless arrest and detention, the government argues Forest is subject to mandatory detention under § 1225(b).  That argument is meritless under Eleventh Circuit precedence.  But even if Forest can be subject to lawful detention, "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby **ORDERED**:

Emmanuelpeter Forest's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)    The respondents shall release Forest within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4